IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN ANDERSON,<br><br>Plaintiff<br><br>vs.<br><br>BOARD OF SCHOOL DIRECTORS OF THE MILLCREEK TOWNSHIP SCHOOL DISTRICT; SUSAN SULLIVAN; REBECCA MANCINI, and DEAN MAYNARD<br><br>Defendants | Civil Action No. 1:07-cv-00111<br><br>The Honorable Sean J. McLaughlin |

## PROTECTIVE ORDER

AND NOW, this _____ day of June, 2011, upon consideration of the Millcreek Township School District's Motion to Quash Subpoena, for Protective Order and or to Seal, it is hereby ORDERED, ADJUDGED and DECREED that the Millcreek Township School District's production of information to Plaintiff pursuant to the Court's March 31, 2011 Order and the Subpoenas that have issued as a result of that order shall proceed in accordance with the following Protective Order:

1. This Order governs the use of all produced documents, data, electronic storage devices, and other tangible or intangible things that Millcreek Township School District ("MTSD") produces or allows access to in accordance with the Court's March 31, 2011 Order and any subpoenas issued subsequent to that Order (the "MTSD Produced Data").

2. Plaintiff and Defendants shall each retain a single expert (the "Expert") to conduct an examination of the MTSD Produced Data.

3. The identity of the Expert will be made known to MTSD prior to any MTSD Produced Data is obtained by him or her.

4. The Expert shall be precluded from disclosing any of the MTSD Produced Data, or any information, documents or data derived from the MTSD Produced Data except in accordance with the terms of this Order. This preclusion shall include, but not be limited to, disclosure of actual data obtained, disclosure of any reports or other compilations of data produced by the expert based on the MTSD Produced Data, or discussions regarding the MTSD Produced Data with any person. The Expert shall treat the MTSD Produced Data as highly confidential and shall not discuss or disclose that data to any person except in accordance with the terms of this Order.

5. The Expert shall conduct whatever searching, examination or investigation is requested by counsel for Plaintiff. As part of this examination or investigation, employees of the Expert, who are under the Expert's supervision and control, may have access to the MTSD Produced Data. However, any person given access to the MTSD Produced Data shall be subject to the terms of the Order in the same manner that the Expert is subject to its terms.

6. The Expert shall then prepare a report or compilation of information and/or data to be produced as a result of its work (the "Examination Results"). Any MTSD Produced Data that is part of the Examination Results shall be produced in PDF or similarly accessible format.

7. This Examination Results shall be delivered only to counsel for MTSD, and no other person or entity shall receive a copy of the Examination Results.

8. Counsel for MTSD, in conjunction with MTSD, shall review the Examination Results and shall be permitted to redact any information that is confidential or otherwise protected taking into account the resolution adopted by the MTSD School Board on November 19, 2008 regarding the limited waiver of attorney-client and work product privileges.

9. Counsel for MTSD shall prepare a log of all information that counsel or MTSD removes or redacts from the Examination Results with enough information so that the Examined Results can be compared with the information that is ultimately produced to facilitate any challenge to the information that is redacted or removed.

10. Counsel for MTSD shall then deliver a copy of the redacted Examination Results and log to counsel for Plaintiff within a reasonable time frame considering the volume of documents to be reviewed.

11. Counsel for Plaintiff shall be permitted to disclose the redacted Examination Results and log with his agents, employees or experts; with other counsel, their agents, employees and experts; and with the parties to this action. However, Counsel for Plaintiff, and all parties who received the redacted Examination Results and log are required to keep the contents of and information within the redacted Examination Results and log strictly confidential, and may not disclose those contents or that information to any person not specifically authorized to receive that information pursuant to this Order.

12. In no event may the Expert disclose any MTSD Produced Data to any person other than counsel for MTSD.

13. In the event counsel for Plaintiff believes MTSD redacted or removed information that is necessary and not protected, that issue may be raised by subsequent motion before this Court if after reasonable efforts the parties cannot come to an agreement as to the issue.

14. In the event the Expert wishes to disclose any information after production of its original Examination Results, that additional or subsequent information shall be produced to counsel for MTSD in accordance with paragraphs 5 through 12 of this Order.

15. In the event MTSD removes or redacts data that is relevant to this matter, then, among the rights retained by all parties is the right to seek a further order from this Court allowing the production of such information be done under seal and that it, in addition to it being maintained as confidential, any information that is filed be filed under seal.

16. This Order shall remain in full force and effect for the duration of this matter, including any appeals.

17. Upon the final conclusion of this matter, the Expert shall either return all copies of the hardware, data and information it obtained from MTSD to counsel for MTSD or shall provide counsel for MTSD with an affidavit stating that the Expert destroyed all copies of that data in a manner which would make it impossible for any other person to access the data.

BY THE COURT:

_____
Sean J. McLaughlin, U.S. District Judge

# 952386.v1