IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | Case No.  1:07-cv-111-SJM |
| v. ) | |
| ) | |
| BOARD OF SCHOOL DIRECTORS ) | |
| OF THE MILLCREEK TOWNSHIP ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., District J.,

Presently pending before me in the above-captioned case is the Plaintiff's motion for reconsideration of my order entered orally on the record on March 16, 2010.[1] That ruling related to the parties' competing motions for sanctions:  namely,

- Defendants' Joint Supplement [109] to their previous motion for dismissal pursuant to Fed. R. Civ. P. 41(b) and/or sanctions pursuant to Fed. R. Civ. P. 37(b) and (c)(1) [87] and

- Plaintiff's motion for dismissal pursuant to Fed. R. Civ. P. 41(b) and/for sanctions pursuant to 28 U.S.C. § 1927 [137].

In connection with the March 16, 2010 proceedings, both sides submitted lengthy briefs and numerous exhibits in support of, and in opposition to the foregoing motions. In addition to entertaining the parties' written submissions, the Court, prior to entering its ruling, also entertained oral argument which lasted more than two hours, providing counsel from both sides ample time in which to argue their positions.

---

[1] My subject-matter jurisdiction over the pending case is premised on of 28 U.S.C. §§ 1331, 1343, and 1367.

1

At the conclusion of the proceedings, having considered the parties' respective positions and the relevant factors which govern an involuntary dismissal as set forth in *Poulis v. State Farm,* 747 F.2d 863, 868 (3d Cir. 1984), as well as the standards which govern motions for sanctions pursuant to 28 U.S.C. §1927, this Court denied both motions but permitted each side additional discovery relative to their respective grievances.  Insofar as the Defendants' motion was concerned, the Court allowed for additional time within which the defense could attempt to obtain deposition testimony from the Plaintiff and her husband limited specifically to Defendants' concerns about the Plaintiff's "chronology," her laptop computer, and the Tri-State flier.  Insofar as the Plaintiff's motion was concerned, the Court allowed Plaintiff to make arrangement with the Millcreek Township School District and/or defense counsel so as to obtain images of Defendant Maynard's computer hard drive and PST files, as well as all documents previously accessible to Defendants through the Relativity platform.  (See Order of 3/16/10 [156-1] at pp. 90-95.)[2]

On March 25, 2010, Plaintiff filed the pending motion for reconsideration of the March 16 Order.  Under the law of this circuit, there are three "exceptional circumstances" which may justify a court's reconsideration of a prior ruling:  namely, situations "where there has been an intervening change in the law, where new evidence has become available, or where reconsideration is necessary to prevent clear error or a manifest injustice."  *In re Engel,* 124 F.3d 567, 584 (3d Cir. 1997) (quoting *Al Tech Specialty Steel Corp. v. Allegheny International Credit Corporation,* 104 F.3d 601, 605

---

[2] The referenced pagination is to the original pagination included within the body of the transcript, rather than to the official CM/ECF pagination included in the header of the document.

(3d Cir. 1997)). Plaintiff does not assert the first two bases, but she claims that the Court's Order of March 16 contained errors of law and fact which, if not corrected, would result in manifest injustice in her attempt to prosecute her rights.

In part, Plaintiff seeks to have this Court reconsider her arguments relative to the Defendants' alleged violation of Rule 45 of the Federal Rules of Civil Procedure. As Plaintiff sees it, Defendants violated Rule 45 by virtue of the fact that, when they obtained information from the Millcreek Township School District in April, May and September of 2009 pursuant to a subpoena they had issued, the Defendants failed to invite Plaintiff to the production and/or contemporaneously provide her with the same information they had obtained and in the same (HTML) format in which they had obtained or viewed it. In other words, Plaintiff construes Rule 45 to mean that she was entitled to get the exact same information that the Defendants obtained, and in exactly the same format, at exactly the same time the Defendants obtained it, despite the fact that the Plaintiff never personally issued a subpoena to the School District for the information in question. Plaintiff believes that she was prejudiced by the Defendants' actions inasmuch as the Defendants, through their paid use of the Relativity platform, were able to access certain metadata well in advance of the Plaintiff's deposition, which Plaintiff was not privy to at that time. Plaintiff believes that this conduct violated the terms of the Court's April 3, 2009 protective order, pursuant to which the information in question was produced. Plaintiff also objects to the fact that she was not privy to the School District's production, pursuant to the Defendants' subpoena, of Defendant Maynard's hard drive. Plaintiff contends that she never issued a subpoena for the hard drive herself because she was misled by the School District's counsel into believing that

3

Maynard's hard drive would not be available to any party.  She perceives that the School District went out of its way to obtain Maynard's hard drive for the benefit of the Defendants after they served their subpoena.  Plaintiff believes these alleged discovery violations compelled the Court to grant her motion for sanctions.

It should be noted, however, that in issuing the now challenged order of March 16, 2010, this Court considered these alleged discovery violations against the relevant standards to be used in connection with a request for sanctions under Rule 41 and/or 28 U.S.C. §1927.  This Court found that the Plaintiff had not satisfied her burden of proof in that regard but, at the same time, the Court undertook measures to ensure that all parties would be on equal footing going forward insofar as their access to discoverable information was concerned.  Simply stated, the Court sought to minimize (and, if possible, eliminate) any possible prejudice to either side which might have resulted from the opposing party's allegedly unfair tactics.  In so ruling, this Court was cognizant of the fact that the procedures utilized by the Defendants for discovery of the subpoenaed material were, in large measure, intended to address the School District's concerns with managing the production of voluminous amounts of privileged information.  Implicit in the Court's ruling were its conclusions that the Defendants' actions were generally in keeping with the spirit of the April 3, 2009 Protective Order and, to the extent any Rule 45 violation occurred, the Plaintiff had not met her burden of showing that the circumstances warranted the imposition of the sanctions requested by her.

It remains the conclusion of this Court that its previous analysis in this regard was both sufficient and reasonable in light of the record presented.  It is my further

conclusion that my Order of March 16, 2010 has not resulted in any significant prejudice to Plaintiff, much less manifest injustice, with respect to the prosecution of her case.

Plaintiff also requests reconsideration of the Court's March 16, 2010 Order insofar as it permitted the Defendants additional discovery to investigate the allegations set forth in their Joint Supplement to their previous motion for sanctions and/or dismissal. Plaintiff insists that the Defendants' allegations as to document falsification and spoliation of evidence were improperly based on mere conjecture as opposed to evidence and that this Court improperly allowed them additional discovery in order to investigate those issues. Plaintiff further asks this Court to reconsider her argument that, in accordance with the Federal Rules of Civil Procedure and the Code of Professional Responsibility, defense counsel should have asked for discovery relevant to document falsification and destruction of evidence *prior to* making uninvestigated claims regarding the same.

Notably, these are the same complaints that form the basis of Plaintiff's pending Rule 11 sanctions motion, as to which the Court has taken extensive testimony and evidence and which is currently under advisement. Thus, Plaintiff's request that we revisit this issue is redundant in light of the pendency of her Rule 11 motion.[3] To the extent she is objecting to the Court's prior grant of discovery on these matters, the issue is moot in light of the fact that such discovery has already occurred. To the extent Plaintiff is concerned about this litigation becoming unnecessarily expanded into collateral issues, she can rest assured that the Court shares that concern and has no

---

[3] To the extent Plaintiff seeks reconsideration relative to her prior request for sanctions based upon the "totality of the circumstances" – including defense counsel's allegedly vexatious and bad faith conduct in filing the Joint Supplement and inquiries concerning Plaintiff's chastity, such a request is, again, functionally redundant in light of her pending Rule 11 motion.

intention of encouraging such practices, especially given the age of this case and the considerable resources already invested by the Court and all parties.[4]  In any event, these concerns do not warrant reconsideration of the Court's prior ruling.

Plaintiff's other requests for reconsideration pertain not to the Court's March 16, 2010 ruling, but to language which the Court used in the course of issuing its ruling. Plaintiff appears to take special exception to the Court's observation that "[t]there was, "in [its] view, sufficient smoke to justify defendants' suspicion that there was a fire."  As a statement which simply set forth the Court's reasoning relative to its denial of the requested sanctions, this language does not in itself constitute a ruling or order as to which reconsideration could arguably be appropriate.  To the extent Plaintiff's objection runs to perceived unfairness or bias on the part of the Court, these claims have already been addressed by virtue of the undersigned's November 3, 2011 memorandum opinion and order denying Plaintiff's motion for recusal.

I should note that, in support of her motion for reconsideration, Plaintiff appended two newspaper articles quoting the above statement and discussing more broadly the Court's March 16, 2010 ruling. To the extent Plaintiff is concerned about the possibility of these articles prejudicing her potential jury pool, such issues can be addressed adequately at a later point in time if and when it becomes appropriate to do so.

In sum, based upon my consideration of the Plaintiff's motion for reconsideration, I find no clear error or risk of manifest injustice as would justify reconsideration of my

---

[4] It should be noted that, despite this, the Court has recently allowed Plaintiff to submit a lengthy brief concerning her entitlement to sanctions based on yet more alleged discovery violations relative to the hard drive of Defendant Maynard's computer, among other things.

prior ruling of March 16, 2010.  Because no other grounds for reconsideration exist, the following order will be entered:

AND, now, to wit, this 10th Day of January, 2012, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion [157] for Reconsideration of the Court's March 16, 2010 Order shall be, and hereby is, DENIED.

                                                s/     <u>Sean J. McLaughlin</u>

                                                Sean J. McLaughlin
                                                United States District Judge

cc:   All counsel of record.