IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.  07-111 ERIE |
| | ) |
| SUSAN SULLIVAN, DEAN MAYNARD, | ) |
| REBECCA MANCINI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR MOTION FOR RECUSAL (DOC. NO. 299)

**I.     Introduction**

Presently before this Court is Plaintiff's Motion for Reconsideration and/or Motion for Recusal.  Doc. No. 299.  Plaintiff initiated this lawsuit on May 11, 2007.  Doc. No. 1.  The case was assigned to the Erie division of the United States District Court for the Western District of Pennsylvania and presided over by former Chief Judge Sean J. McLaughlin until it was re-assigned to this Court on August 27, 2013, due to Judge McLaughlin's retirement from the Court.  Doc. No. 301.

On August 23, 2010, Plaintiff moved the Court to impose sanctions on Defendants pursuant to Federal Rule of Civil Procedure 11(b).[1]  Doc. No. 183.  Judge McLaughlin presided over an evidentiary hearing related to Plaintiff's Motion in January 2010.  Following the close of discovery, Plaintiff filed a Motion for Spoliation Sanctions in late 2011.  Doc. No. 233.  Judge McLaughlin presided over seven (7) days of evidentiary hearings on this Motion on April 10-13,

---

[1] The Court also notes that Defendants moved Judge McLaughlin to impose sanctions against Plaintiff pursuant to Federal Rule of Evidence 37(b) and 37(c)(1).  Doc. Nos. 87 and 109.

2012, and May 1-3, 2012. Doc. Nos. 253-256, 259-261. Following these hearings, the parties filed proposed findings of fact and conclusions of law related to Plaintiff's Motions. Doc. Nos. 201-202, 262-265. Prior to Plaintiff's Motion for Spoliation Sanctions being filed, Defendants moved the Court to grant summary judgment in their favor. Doc. Nos. 175 and 177. Judge McLaughlin, in a 72 page Opinion, granted summary judgment to Defendants as to all of Plaintiff's claims on March 26, 2013, but retained jurisdiction over Plaintiff's pending Motions for Sanctions.[2] Doc. No. 286. Plaintiff has appealed this decision to the United States Court of Appeals for the Third Circuit. Doc. No. 290.

As noted by Plaintiff, on August 2, 2013, Judge McLaughlin announced his resignation from the bench, to be effective August 16, 2013. Doc. No. 304-1 and 304-3. Judge McLaughlin has accepted a position as General Counsel for Erie Indemnity Company ("EIC") and the affiliated companies of Erie Insurance Group ("EIG"). Id. On August 16, 2013, Judge McLaughlin issued his Findings of Fact and Conclusions of Law (67 pages in length) denying Plaintiff's Motion for Sanctions under Rule 11(b) Motion. Doc. No. 297. That same day, Judge McLaughlin also issued his Findings of Fact and Conclusions of Law (39 pages in length) denying Plaintiff's Motion for Spoliation Sanctions. Doc. No. 298. Plaintiff moves this Court to reconsider these rulings and find that Judge McLaughlin erred because he did not recuse himself from this case pursuant to 28 U.S.C. § 455(a). Plaintiff contends that Judge McLaughlin was obliged to recuse himself because his new employment created an appearance of impropriety.

II. **Standard of Review**

A proper motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) an intervening change in controlling law; (2) availability of new evidence that was not

---

[2] Judge McLaughlin had previously granted in part and denied in part Defendants' Motions to Dismiss after extensive briefing and oral argument. 07/29/2008 Text Order.

available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)).

### III.    Discussion

Plaintiff moves this Court to reconsider Judge McLaughlin's decision on her Motion for Sanctions and Motion for Spoliation Sanctions based upon the purported need to prevent manifest injustice. Doc. No. 304, 6. Specifically, Plaintiff contends that Judge McLaughlin's impartiality may be called into question under 28 U.S.C. § 455(a). Id. Section 455(a) provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The inquiry is "whether a reasonable person, knowing all the acknowledged circumstances, might question the district court judge's continued impartiality." *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 164 (3d Cir. 1993).

Matthew McCullough ("McCullough"), an attorney representing Defendant Mancini ("Mancini"), is a partner at the Erie law firm of MacDonald Illig Jones and Britton LLP ("MacDonald Illig"). EIC/EIG employs MacDonald Illig as insurance defense counsel and in other matters and according to Plaintiff, the relationship between the two entities spans more than 40 years and is "well known within . . . Erie." Doc. No. 304, 5. Plaintiff contends that due to the relationship between EIC/EIG and MacDonald Illig, "the anticipated personal and professional relationships that Judge McLaughlin will soon have with MacDonald Illig are no different than they would be if he were leaving the bench to work directly for the law firm." Doc. No. 304, 10. Plaintiff argues that such a relationship causes Judge McLaughlin's impartiality to be called into question and necessitates that his rulings be reconsidered.

3

Plaintiff bases her argument on the length of time her Motions were pending and the timing of Judge McLaughlin's rulings after accepting new employment. Plaintiff's Motions were pending for approximately two-and-a-half years and three years and Judge McLaughlin issued the rulings on his last day on the bench. Although Plaintiff points to the timing of Judge McLaughlin's ruling as reason to grant her motion, the docket supports the conclusion that any "delay" was due to Judge McLaughlin's extensive pre-trial proceedings in this case including: motions practice, over ten (10) days of hearings, and the factual review necessary to rule on Plaintiff's Motions for Sanctions. Plaintiff previously cited Judge McLaughlin's failure to act sufficiently expeditiously in her prior Motion for Recusal. However, as explained by Judge McLaughlin, any "delay" was due to "the complexity of the subject matter" and "substantial time ha[d] been invested by the Court toward resolving Plaintiff's Rule 11 motion, despite a busy court docket involving time-consuming matters, including criminal cases, which due to the speedy trial concerns, took precedence over this case." Judge McLaughlin presided over this case for over five (5) years. The docket includes several lengthy, detailed, and factually specific opinions on issues raised by both parties, including a prior unsuccessful Motion for Recusal by Plaintiff. Doc. Nos. 232, 286, 297, 298. The complete record of the litigation before Judge McLaughlin, including his denial of Plaintiff's Motion for Sanctions, would not raise a question of impartiality to the "well-informed, thoughtful and objective observer." *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004) (*quoting U.S. v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). The Court's inquiry is based upon the reasonable person, "[not] the hypersensitive, cynical, and suspicious person." *Id.*

Secondly, although Plaintiff contends that the filing of Judge McLaughlin's rulings just prior to commencing his new employment necessitates reconsideration, the lengthy rulings were

4

based on an extensive record and were presumably begun well prior to any alleged conflict. As noted by Defendants Sullivan and Maynard, Judge McLaughlin had nearly completed his Findings of Fact and Conclusions of Law in May, well before he accepted other employment. ("[the Court is] on the home stretch of completing rather extensive findings of fact and conclusions of law on the plaintiff's motion for sanctions - - as a follow up to the hearing on that and you should be receiving that opinion shortly.)" Doc. No. 304-4. Plaintiff's argument regarding timing is tenuous and unsupported by the record. A reasonable person would conclude, based upon the entire record, that Judge McLaughlin had been considering the merits of Plaintiff's Motions since they were filed in 2010 and 2011, considered the factual support after extensive hearings, and completed his rulings based upon the voluminous record prior to leaving the bench because he was familiar to the case. To argue otherwise is to do so without support.

     In sum, Plaintiff is dissatisfied with Judge McLaughlin's unfavorable decisions. Such dissatisfaction with Judge McLaughlin presiding over the matter appears to be long-standing and was addressed by Judge McLaughlin. Doc. No. 232. This Court's review of the extensive docket, Plaintiff's Motion for Reconsideration and/or Recusal, and Judge McLaughlin's Findings of Fact and Conclusions of Law supports a finding that a reasonable person would not question Judge McLaughlin's impartiality. To the contrary, he had presided over this case for a great amount of time and had begun his ruling on Plaintiff's Motions well before accepting outside employment. The reasonable conclusion, supported by the complete record, is that his unfavorable decision just prior to leaving the bench was in order to complete pending matters before he stepped down, rather than an attempt to appease a law firm with which his new

employer has a relationship. This Court finds no reason to disturb Judge McLaughlin's thorough rulings.

### IV. Order

AND NOW, this 19th day of September, 2013, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Recusal (Doc. No. 299) is **DENIED**;

2. Plaintiff's Motion for Reconsideration (Doc. No. 299) is **DENIED**; and

3. The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties