IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-111 ERIE |
| SUSAN SULLIVAN, DEAN MAYNARD, REBECCA MANCINI, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER OF COURT RE: MOTIONS FOR ATTORNEYS' FEES (DOC. NOS. 312 AND 314)

**I. Introduction**

This case was initiated in May 2007 by Plaintiff, Maryann Anderson (former administrator in the Millcreek Township School District), against Defendants, Board of School Directors of the Millcreek Township School District, Susan Sullivan (a former member of the school board), and Dean Maynard (the former Superintendent of the Millcreek Township School District).[1] Doc. No. 1. Plaintiff added claims against Defendant, Rebecca Mancini (a former fellow administrator), in an Amended Complaint and a Second Amended Complaint. Doc. Nos. 6 and 26. The case was assigned to then United States District Court Judge Sean J. McLaughlin, in the United States District Court for the Western District of Pennsylvania, Erie division. Plaintiff's claims center on alleged retaliation for whistleblower activity. Doc. No. 26. Plaintiff alleged that Defendants violated her First Amendment right to free speech, retaliated against her in violation of the Pennsylvania Whistleblower Law, interfered with Plaintiff's performance of

---

[1] The Millcreek Township School District has been dismissed from the case. See Doc. No. 285, FN 2.

her employment contract, negligently and intentionally inflicted emotional distress, and defamed her and injured her reputation. Doc. No. 26.

This case has been extensively litigated by the Parties. The filings to date include: six Motions to Dismiss; three Motions for Summary Judgment (granted as to Counts 1, 3, and 4, Doc. No. 287); Defendants Sullivan and Maynard's Motion to Dismiss/Motion for Sanctions pursuant to Fed.R.Civ.P. 37(b) and 37(c)(1); Plaintiff's Motion for Sanctions pursuant to Fed.R.Civ.P. 11(b) (denied, Doc. No. 297); Plaintiff's Motion for Spoliation Sanctions (denied, Doc. No. 298); and Plaintiff's Motion for Recusal (denied, Doc. No. 232). Doc. Nos. 12, 13, 32, 35, 37, 87, 175, 177, 183, 220, 233, 268. Judge McLaughlin held extensive hearings on several of these motions. Judge McLaughlin granted Defendants' Motions for Summary Judgment. Doc. No. 286. In April 2013, after their Motions for Summary Judgment were granted, Defendants Mancini, Maynard, and Sullivan filed Motions for Attorneys' Fees. Doc. Nos. 288, 289. Defendants filed Bills of Costs in the amounts of $20,824.29 and $2,479.48 (Mancini) and $67,732.66 (Maynard and Sullivan). Doc. Nos. 292, 293, 295.

In August 2013, this case was re-assigned to this Court when Judge McLaughlin resigned from the bench. Doc. No. 301. This Court denied the pending Motions for Attorneys' Fees as moot because several of Judge McLaughlin's Orders were on appeal to the United States Court of Appeals for the Third Circuit. 08/27/13 Text Order.

On August 8, 2014, the United States Court of Appeals for the Third Circuit filed its Mandate and ordered that Judge McLaughlin's Orders entered on March 26, 2013, August 16, 2013, and September 19, 2013, including Judge McLaughlin's grant of Defendants' Motions for Summary Judgment, be affirmed. Doc. Nos. 310 and 311. The Court of Appeals issued a certified Judgment on August 8, 2014, taxing all costs against Plaintiff. Doc. No. 311.

Presently before this Court are Motions for Attorneys' Fees filed by: (1) Defendants, Dean Maynard and Susan Sullivan (Motion for Attorneys' Fees and Non-Taxable Costs) and (2) Defendant, Rebecca Mancini (First Motion for Attorney Fees). Doc. Nos. 312 and 314.

## II. Present Motions

Defendants contend that they are entitled to an award of attorneys' fees as prevailing parties. See 42 U.S.C. § 1988, 42 Pa.C.S. § 2503(9), Fed.R.Civ.P. 11(c)(2).

Mancini estimates that her attorneys' fees and other taxable costs over the seven years of this litigation exceed $1.1 million. Doc. No. 315, 4. Sullivan and Maynard estimate that their fees exceed $1.7 million. Doc. No. 313, 19.

## III. Standard of Review

The Parties have ably set forth the case law pertaining to an award of attorneys' fees. A succinct standard for each of the cited provisions follows.

### A. 42 U.S.C. § 1988(b); Section 1988 of the Civil Rights Act

The Parties agree that a prevailing defendant may be entitled to an award of attorneys' fees and costs where the plaintiff's actions were "frivolous, unreasonable, or groundless, or [where] the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). The United States Court of Appeals for the Third Circuit has noted several factors that are relevant to determining if a plaintiff's unsuccessful civil rights claim was frivolous, including whether: the plaintiff established a *prima facie* case, the defendant offered to settle, the trial court dismissed the case prior to trial, or the case continued until a trial on the merits. *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997).

### B. 42 Pa.C.S. § 2503(9)

42 Pa.C.S. § 2503(9) provides that attorneys' fees are allowed where "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." The Parties rely on the same facts to address the availability of attorneys' fees pursuant to both Section 1988 and 42 Pa.C.S. § 2503(9).

### C. Federal Rule of Civil Procedure 11(c)(2)

Federal Rule of Civil Procedure 11(c)(2) provides that: "[a] motion for sanctions must be made separately from any other motions and must describe the specific conduct that allegedly violates Rule 11(b) . . . . If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

### IV. Discussion

This case has a lengthy and protracted procedural posture. The Parties fundamentally disagree as to the legitimacy of Plaintiff's claims and the intended purpose of this federal lawsuit. Defendants contend that Plaintiff's claims have been frivolous, unreasonable, and meritless from the start. Defendants argue that Plaintiff's filings and Judge McLaughlin's Opinions demonstrate that Plaintiff:

- Brought her claims without foundation (Doc. No. 315, 7);
- Filed her claims "simply to harass and embarrass . . . Defendants as well as to attempt to intimidate said Defendants" (Doc. No. 313, 8);
- Was on notice that her claims were unsupported and/or not legally viable (Doc. No. 315, 8); and
- Pursued her claims for years "knowing full well that they lacked any factual or legal basis" (Doc. No. 315, 9).

4

Defendants also cite provisions of Judge McLaughlin's Opinions to establish that Plaintiff's claims were "particularly weak." Doc. No. 315, 10 citing Doc. No. 286, 66-67.

Plaintiff appears to concede that Defendants are prevailing parties as defined in the applicable statutes. See Doc. No. 319, 2. Therefore, the Court's inquiry is focused on whether Plaintiff's litigation has been frivolous, unreasonable, groundless, arbitrary, vexatious, or was brought in bad faith. The Court notes that an award of attorneys' fees is within its discretion if the Court finds that the standard has been met. A review of the record reveals that there is not sufficient evidence to find that Plaintiff's actions have been outside the normal realm of litigation tactics. Therefore, the Court must deny Defendants' Motions for Attorneys' Fees.

This case has been litigated for over seven (7) years and appears to have been contentious from its inception. The docket consists of over 320 entries. Inevitably, this litigation has resulted in extensive legal bills. Any delay in the resolution of the Parties' dispute and associated costs is not solely attributable to Plaintiff or her counsel. Rather, both Plaintiff and Defendants have proactively litigated their positions. The Parties have persistent and fundamental disagreements as evidenced by the Parties' motions for sanctions and/or attorneys' fees, which have been at issue since as early as August 2009, and other various motions to compel, quash, and strike. Doc. Nos. 87, 183. Judge McLaughlin was actively involved with this case – he ordered extensive briefing and presided over many days of hearings on motions filed by both Plaintiff and Defendants.

Defendants sought to end this litigation through the filing of dispositive motions – with mixed results. Defendants filed two rounds of motions to dismiss. Doc. Nos. 12, 13, 32, 35, 37, 87. Judge McLaughlin denied the contested portions of Defendants' Motions to Dismiss as to Plaintiff's claims concerning Section 1983, the Pennsylvania Whistleblower Law, intentional

5

interference with an employment contract, defamation *per se*, and invasion of privacy. 07/29/2008 Text Order. As such, Judge McLaughlin necessarily found that Plaintiff's claims plausibly gave rise to an entitlement to relief at that early stage.

Defendants filed Motions for Summary Judgment approximately 22 months after Judge McLaughlin ruled on their Motions to Dismiss. Doc. Nos. 175 and 177. These Motions were extensively briefed, including responses, replies, and sur-replies. Defendants argue that Plaintiff's claims were needlessly defended after the close of discovery because Plaintiff knew, at that point, that her claims were unsupported. Although the record evidence was available to Plaintiff after the close of discovery, she and Defendants continued to disagree about the legal implications of this evidence. This was not improper.[2] Judge McLaughlin granted summary judgment in Defendants' favor in a 72 page Memorandum Opinion in March 2013, almost three years after the Motions for Summary Judgment were filed. Doc. No. 286. The Memorandum Opinion on the Motions for Summary Judgment evidences the complex nature of Plaintiff's factual averments and the evidence of record – the "background facts" section alone is 26 pages. Doc. No. 286, 3-29. Judge McLaughlin thoroughly discussed the record and applied it to the controlling legal principles and found that Defendants were entitled to judgment as a matter of law. This decision is not dispositive of Defendants' Motions for Attorneys' fees.

This Court does not believe that the high standard under which this Court may award attorneys' fees has been met, in part because a grant of a motion for summary judgment requires

---

[2] Defendants point to the fact that Plaintiff abandoned some of her claims during litigation and chose not to appeal portions of Judge McLaughlin's Opinion on Defendants' Motion for Summary Judgment to support their contention that Plaintiff's claims were weak and Defendants should be awarded attorneys' fees. However, these facts evidence that Plaintiff did not relentlessly pursue each and every claim that she filed against Defendants, but, rather chose to focus on claims that she presumably thought would be successful. This negates Defendants' arguments that Plaintiff brought the litigation to intimidate Defendants and that her claims were vexatious, frivolous, and unquestionably without merit.

a distinct analysis from the standard for an award of attorneys' fees in Section 1988. Many cases are disposed of on motions for summary judgment. This does not necessitate that plaintiffs' claims in these cases were frivolous. This was not a case where Plaintiff's claims were frivolous, but rather, one where discovery did not reveal the requisite support for arguably well-pled claims. There is no evidence that Plaintiff's claims were merely designed to intimidate Defendants.

The overall sense of this case is one of deeply entrenched Parties who vigorously advanced and defended their positions. It is certainly regrettable that Defendants have amassed such extensive legal expenses, especially since this Court endeavors to provide Parties with the "just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. However, there is nothing in the record to lead this Court to find that Plaintiff knew or should have known that her claims were wholly deficient. Rather, the record reveals that both sides of this dispute ably and vigorously supported their positions until Judge McLaughlin, and ultimately the United States Court of Appeals for the Third Circuit, ruled on their disputes. Although Defendants were ultimately successful in their defense, this does not necessitate a finding that they are entitled to an award of attorneys' fees. The Court declines to exercise its broad discretion to award attorneys' fees to Defendants.

V.  **Order**

AND NOW, this 6th day of October, 2014, IT IS HEREBY ORDERED THAT Defendant Maynard and Defendant Sullivan's Motion for Attorney Fees and Non-Taxable Costs (Doc. No. 312) and Defendant Mancini's First Motion for Attorney Fees (Doc. No. 314) are **DENIED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All Registered ECF Counsel and Parties